United States District Court
Southern District of Texas
FILED

NOV 2 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *GILBERTO REZA,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-02-129 |
| | § | |
| | § | |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), through her attorney, the Attorney General of Texas, and files this her Motion for Summary Judgment with Brief in Support.

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.

**II.**

**DENIAL**

The Director denies every allegation of fact made by Petitioner, Gilberto Reza ("Reza"), except those supported by the record and those specifically admitted herein.

**III.**

**STATEMENT OF THE CASE**

The Director has lawful custody of Reza pursuant to a judgment and sentence from the 103rd Judicial District Court, of Cameron County, Texas, in cause number 98-CR-539-D, styled *The State*

*of Texas v. Gilberto Reza. Ex parte Reza*, Application 49,768-01, at 51. Reza pleaded guilty to the felony offense of driving while intoxicated, the court accepted his plea, found him guilty, and punishment was assessed at ten years imprisonment. *Id.*

An appellate history of this conviction is not necessary because Reza is not challenging his holding conviction; rather, he is challenging the denial of his release to mandatory supervision and the constitutionality of the Texas mandatory supervision laws. Fed. Writ Pet., at 7, and attachment. On March 22, 2001, Reza filed an application for state writ of habeas corpus, and he challenged the applicability of the Texas mandatory supervision statutes to his prior and current driving while intoxicated convictions. *Ex parte Reza*, Application No. 49,768-01, at 1, 6, 10-13. On July 25, 2001, the Texas Court of Criminal Appeals denied the application without written order. *Id.* at cover. Reza filed this federal writ petition on September 10, 2002. Fed. Writ Pet., at 9.

## IV.

## SATE COURT RECORDS

The Director forwarded copies of Reza's state habeas records, *Ex parte Reza*, Application No. 49,768-01, to this court under separate cover letter dated November 1, 2002.

## V.

## PETITIONER'S ALLEGATIONS

The Director understands Reza to allege the following grounds of error:

1. The Texas Board of Pardon and Paroles ("BPP")denied his release to mandatory supervision without providing him with notice of its denial.

2. The Texas Government Code Section 508.149 is vague and violates the standards of the Due Process Clause.

Fed. Writ Pet., at 7, and attached memorandum.

2

## VI.

## EXHAUSTION

Reza has not sufficiently exhausted his state court remedies as required by 28 U.S.C. § 2254(b), (c), with regard to the allegations as set out in section V, *supra,* because he did not raise those claims in his application for state writ of habeas corpus which the Texas Court of Criminal Appeals denied without written order. *Ex parte Reza*, Application No. 49,768-01, at 6, 10-13, cover. Therefore, Reza's application for federal habeas corpus must be dismissed for failure to exhaust his state court remedies. *See* discussion Part VII, *infra.*

## VII.

## RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### A.     Standard of Review.

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence demonstrating the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)) If the moving party makes the required showing, then the burden shifts to the nonmoving party to show summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record shows the Director is entitled to judgment as a matter of law.

A petition for habeas corpus relief is subject to review under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if the petition is filed after April 24, 1996–the effective date the federal habeas corpus statutes were amended. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by state prisoner after April 24, 1996), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998); *see Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997) (holding that the AEDPA only applies to those noncapital habeas corpus cases

filed after its effective date of April 24, 1996), *cert. denied*, 522 U.S. 1069, 118 S. Ct. 739 (1998).[1]
Reza signed his federal writ of habeas corpus on September 10, 2002. Fed. Writ Pet., at 9, 1,
respectively.[2] Therefore, his petition is subject to review under the AEDPA.

Under the AEDPA, an application for writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a state court may not be granted unless it appears:

> (A)  the applicant has exhausted the remedies available in the courts of the State;
> or
>
> (B)  (i) there is an absence of available State corrective process; or
>
>      (ii) circumstances exist that render such process ineffective to protect the
>      rights of the applicant.

28 U.S.C. § 2254(b)(1). Upon applying these standards, reviewing courts must dismiss the instant
federal writ petition as a matter of law because Reza failed to exhaust available state court remedies
prior to filing his federal petition.

### B.    Reza has Failed to Exhaust Available State Court Remedies.

Reza has not sufficiently exhausted his state court remedies as required by 28 U.S.C. §
2254(b), (c), with regard to the allegations as set out in section V, *supra,* because he did not raise
those claims in his state application for state writ of habeas corpus. *Ex parte Reza*, Application No.
49,768-01, at 1,6, 10-13. Therefore, Reza's application for habeas corpus relief must be dismissed
for failure to exhaust state remedies.

Under 28 U.S.C. § 2254(b)(1)(A) (West 2001), a state prisoner's application for a federal

---

[1] This decision overruled the Fifth Circuit's holding in *Drinkard v. Johnson*, 97 F.3d
751, 770 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S. Ct. 1114 (1997), that the
AEDPA applied to all habeas cases pending in federal court on or after April 24, 1996.
*Green v. Johnson*, 116 F.3d 1115, 1119 (5th Cir. 1997).

[2] The Fifth Circuit has held "a *pro se* prisoner's habeas petition is filed, for
purposes of determining the applicability of the AEDPA, when he delivers the papers to
prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998).
Therefore, Reza's petition could not have been "filed" sooner than September 10, 2002, the
date he signed it.

writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies. In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review a petitioner's conviction. TEX. CODE CRIM. PROC. ANN. art. 44.45 (Vernon Supp. 1996); *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review, TEX. R. APP. P. 68.1, or an application for a post-conviction writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2001).

All of the grounds raised in a federal petition for writ of habeas corpus must have been fairly presented to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). The exhaustion of state remedies doctrine codified in 28 U.S.C. § 2254(b) reflects a policy that has been consistently adhered to by the Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit. *Picard*, 404 U.S. at 275, 92 S. Ct. at 512; *Deters*, 985 F.2d at 793. This court is precluded from reviewing any claims which have not been exhausted. 28 U.S.C. §2254(b)(1)(A); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 (5th Cir. 1981).

The exhaustion doctrine, codified at 28 U.S.C. § 2254(b), (c), is based on principles of comity between the state and federal judicial systems and "reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)). Furthermore, the Supreme Court and the Fifth Circuit Court of Appeals have consistently adhered to this doctrine. *See, e.g., Rose*, 455 U.S. at 509, 102 S. Ct. at 1198; *Picard*, 404 U.S. at 275, 92 S. Ct. at 512; *Bufalino v. Reno*, 613 F.2d 568, 569 (5th Cir. 1980); *Canet v. Turner*, 606 F.2d 89, 91 (5th Cir. 1979).

5

Additionally, it is not sufficient that a Petitioner's claims merely have been brought before the state's highest court in some fashion.  For the exhaustion to be satisfied, the Petitioner must have presented his claims in a procedurally correct manner.  *Castille*, 489 U.S. at 351, 109 S. Ct. at 1060.  When a etitioner raises a claim in a procedural context in which its merits will not be considered, he has not "fairly presented" the claim to the state courts, and, therefore, has not satisfied the statutory exhaustion doctrine.  *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

As stated above, Reza must exhaust *all* of his habeas corpus claims in state court before he can request relief in federal court.   In his state application for habeas corpus, Reza claimed as follows, "Petitioner has prior (DWI) convictions that transpired prior to September 1, 1996.  TDCJ-ID, and the Parole Board are violating said House Bill 1433 Section 3." [sic].  *Ex parte Reza*, Application No. 49,768-01, at 6.  Reza also stated "the prior (DWI) convictions . . . all occurred prior to September 1, 1996, (House Bill 1433)." [sic].  *Id.* at 13.  Reza concludes by stating "[i]t is clear that because Petitioner's prior (DWI) conviction took place or were committed prior to September 1, 1996, he must be treated as a Mandatory Supervision prospect with a short-way discharge date that is not to be considered under 508.149 of the Government Code. *Id.* at 14. **Finally, Reza's prayer asks that the court order TDCJ-ID and the BPP to classify him as a "mandatory supervision prospect." *Id.***  However, in his federal writ petition, Reza does not raise those claims.  Instead he argues that the BPP "is not correctly interpreting Govt Code 508.14(B) causing irreparable harm . . . ." [sic].  Fed. Writ Pet., at 7.  Reza elaborates in his attached memorandum that "the Texas Board of Paroles (BOARD hereinafter) in that the interpretation and subsequent application of the unduly vague statute, specifically Texas Govt. Code 508.149 is unconstitutional . . . .  Fed. Writ Pet., at attached memorandum (labeled page 2 by Reza).  Further, Reza stated "[a]pplicant contends that no hearing was or notice afforded him prior to the Board denying his Mandatory Discharge Date which is essential before depriving any person of rights . . . . Fed. Writ Pet., at attached memorandum (labeled page 2 by Reza).  Reza again stated "[i]n

6

denying the Applicant's release to MS the Board and TDCJ have failed to comply with the provisions of the statute . . . ." Fed. Writ Pet., at attached memorandum (labeled page 4 by Reza). **Finally, Reza's prayer concludes that this court "see fit to file an order directing The Board of Pardons and Paroles to honor the Mandatory Supervision Law, and release the Applicant to Mandatory Supervision." Fed. Writ Pet., at attached memorandum (labeled page 5 by Reza).** Thus, these claims are factually different, and all of the grounds raised in a federal petition for writ of habeas corpus must have been fairly presented to the state courts prior to being presented to the federal courts. *Picard,* 404 U.S. 270 at 275, 92 S. Ct. 509 at 512. Reza has not presented the same claims to the Texas Court of Criminal Appeals for its review. By filing this federal writ of habeas corpus, Reza has bypassed the state courts and attempted to present original claims to the federal courts before the state court has had the opportunity to rule on the merits of his claims. Reza has prevented the state courts from ruling on, and if necessary correcting, any constitutional errors that might have occurred in this case. *See Castille*, 489 U.S. at 349, 109 S. Ct. at 1059

State habeas corpus proceedings have been, and will remain, available to Reza and provide him the opportunity to litigate his contention that the BPP has unconstitutionally denied his release to mandatory supervision and that the Texas mandatory supervision laws are unconstitutional. Fed. Writ Pet., at 7, and attachment. Consequently, the instant petition must be dismissed to give the Texas Court of Criminal Appeals an opportunity to rule on Reza's claims. Reza still has an available state remedy by state writ of habeas corpus which would get all of his allegations before the Texas Court of Criminal Appeals. His petition must be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254(b)(1)(A) (West 2001).

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director requests the instant petition be dismissed without prejudice for failure to exhaust state court remedies.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

DON J. CLEMMER
Acting Deputy Attorney General
for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division


*Lead Counsel

M. IRENE DELGADILLO*
Assistant Attorney General
Habeas Corpus Division
State Bar No. 24031568
Southern District Bar No. 30831


P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1400
(512) 936-1280 (Fax)


ATTORNEYS FOR RESPONDENT

8

## NOTICE OF SUBMISSION

To: Gilberto Reza, Petitioner, you are hereby notified the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

M. IRENE DELGADILLO
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, M. Irene Delgadillo, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 25th day of November 2002, addressed to:

Gilberto Reza
TDCJ-ID# 834841
Bridgeport Correctional Facility
4000 North 10th Street
Bridgeport, Texas 76426

M. IRENE DELGADILLO
Assistant Attorney General

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *GILBERTO REZA,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-02-129 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**O R D E R**

On this day came to be considered Respondent's Motion for Summary Judgment with Brief in Support and the court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that Respondent's Motion is hereby GRANTED and that the claims are dismissed without prejudice.

Accordingly, the instant petition is dismissed without prejudice.

SIGNED on this the _____ day of _____, 2002.


_____
JUDGE PRESIDING