

United States District Court
Southern District of Texas
ENTERED

JAN 0 9 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GILBERTO REZA, §
Petitioner, §
§
v. §
§ CIVIL ACTION NO. B-02-129
JANIE COCKRELL, DIRECTOR, §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION, §
Respondent. §

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Gilberto Reza (Petitioner) has filed a timely 28 U.S.C. Section 2254 petition for a writ of habeas corpus. Petitioner's writ should be DISMISSED WITHOUT PREJUDICE, and Respondent's Motion for Summary Judgment (Doc. # 7) should be GRANTED.

### BACKGROUND

Janie Cockrell, the Director of the Texas Department of Criminal Justice, Institutional Division, has lawful custody of Gilberto Reza pursuant to a judgment and sentence of the 103rd District Court in cause number 98-CR-539-D.[1] Reza pleaded guilty to the felony offense of driving while intoxicated, the court accepted his plea, found him guilty, and assessed a punishment of ten years imprisonment. A procedural appellate history is not necessary for the disposition of the instant petition because the validity of Reza's holding conviction is not directly at issue. Rather, Petitioner challenges the Texas Board of Pardon and Paroles denial of his release to mandatory supervision without providing him with notice of its denial. Reza also

---

[1] State of Texas v. Gilberto Reza, 98-CR-539-D.

asserts that Texas Government Code Section 508.149 is vague and violates the standards of the Due Process Clause.

## ANALYSIS

A petition for habeas corpus relief is subject to review under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if the petition is filed after April 24, 1996, which was the effective date the federal habeas corpus statutes were amended.[2] Reza signed his federal writ of habeas corpus on September 10, 2002; therefore, his petition is subject to review under the AEDPA.

Under the AEDPA, an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court may not be granted unless it appears:

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)   (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.[3]

Upon applying these standards, reviewing courts must dismiss the instant federal writ petition as a matter of law because Reza failed to exhaust available state court remedies prior to filing his federal petition.

Petitioner has not sufficiently exhausted his state court remedies as required by 28 U.S.C. Section 2254 (b) and (c) because the allegations he raises in the instant petition were not raised in his state application for a state writ of habeas corpus. The claims that Petitioner make in this

---

[2] See Williams v. Cain, 125 F.3d 269, 274 (5th Cir. 1997), cert. denied, 525 U.S. 859 (1998).

[3] 28 U.S.C. § 2254(b)(1).

2

petition are factually different from the ones raised in his state application for writ of habeas corpus, and *all* of the grounds raised in a federal petition for writ of habeas corpus must have been fairly presented to the state courts prior to being presented to the federal courts.[4] The exhaustion doctrine, codified at 28 U.S.C. Section 2254 (b) and (c), is based on principles of comity between the state and federal judicial systems and "reflects a desire to 'protect the state courts' role in enforcement of federal law.'"[5]

State habeas corpus proceedings have been, and will remain, available to Reza and provide him the opportunity to litigate his contention that the Board of Pardons and Paroles has unconstitutionally denied his release to mandatory supervision and that the Texas mandatory supervision laws are unconstitutional. Consequently, the instant petition must be dismissed to give the Texas Court of Criminal Appeals and opportunity to rule on Reza's claims. Petitioner still has an available state remedy by state writ of habeas corpus which would get all of his allegations before the Texas Court of Criminal Appeals.

## RECOMMENDATION

Petitioner Reza's petition should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. Petitioner should be given the opportunity to return to federal court, if done in a timely manner, if his state writ is unsuccessful.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[4] See Picard v. Connor, 404 U.S. 270, 275 (1971).

[5] See Castille v. Peoples, 489 U.S. 346, 349 (1989) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

3

served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[6]

DONE at Brownsville, Texas this 8th day of January, 2003.

Felix Recio
United States Magistrate Judge

---

[6] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415, 1418 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO REZA,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-129 |

## ORDER ADOPTING MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Amended Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Amended Report and Recommendation be adopted. Furthermore, Petitioner's 28 U.S.C. § 2254 Petition is hereby DISMISSED WITHOUT PREJUDICE, and Respondent's Motion for Summary Judgment (Doc. # 7) is hereby GRANTED.

DONE in Brownsville, Texas on this _____ day of _____, 2003.

_____
Hilda G. Tagle
United States District Judge